UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

    Plaintiff,

vs.

VITAFOODS ENTERPRISES IV, LLC
d/b/a Fuddruckers at 15400 SW 88 Street,
and GEMINI CAPITAL ACQUISITIONS OF
DELAWARE, LLC

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Vitafood Enterprises IV, LLC doing business as Fuddruckers at 15400 SW 88 Street and Defendant Gemini Capital Acquisitions of Delaware, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants Vitafood Enterprises IV, LLC and Gemini Capital Acquisitions of Delaware, LLC are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant Vitafood Enterprises IV, LLC (also referenced as "Defendant Vitafood," "operator," or "lessee") is a Florida limited liability company. Vitafood Enterprises IV, LLC is the franchise owner of the Fuddruckers restaurant located within the community shopping center at 15400 SW 88 Street, Miami, Florida 33196 which is the subject of this instant action. On information and belief, Vitafood Enterprises IV, LLC is owned by Black Titan Franchise Systems LLC[1], which is a privately held limited liability company which purchased all of the franchise Fuddruckers brand restaurants in June 2021 from Luby's, Inc.

6. Defendant Gemini Capital Acquisitions of Delaware, LLC (also referenced as "Defendant Gemini Capital," "owner," or "lessor") is a Delaware limited liability company authorized to transact business in Florida which is the owner of commercial real property identified as Folio 30-5904-072-2732, which is a small community shopping center with the address of 15400 SW 88 Street, Miami, Florida 33196. Besides the Fuddruckers

---

[1] Black Titan Franchise Systems LLC is owned by Nicholas Perkins, an American investor

2

restaurant, the community shopping center houses the following places of public accommodation: an AT&T Store, the Senses Beauty Lounge, a Kumon learning center, the Party Cake Bakery, the Hurricane Grill and Wings restaurant, and a pharmacy.

## FACTS

7. At all times material hereto, Defendant Gemini Capital has leased a portion of its community shopping center to Defendant Vitafood who in turn has operated (and continues to operate) its Fuddruckers franchise restaurant within that leased space.

8. The Fuddruckers restaurant at 15400 SW 88 Street, Miami, Florida 33196 is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2) as "a restaurant, bar, or other establishment serving food or drink." The subject Fuddruckers restaurant is also referred to as Fuddruckers (on SW 88 Street)," "restaurant," or "place of public accommodation."

9. As the operator of a restaurant which is open to the public, Defendant Vitafood is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

10. Due to the close proximity to Plaintiff's home to the Fuddruckers on SW 88 Street, on May 30, 2022 Plaintiff personally visited the restaurant to purchase a meal and dine therein and to test for compliance with the ADA/ADAAG.

11. Due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff met barriers to access while testing/dining within the restaurant.

12. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of the Fuddruckers restaurant (Defendant

Vitafood) and by the owner of the community shopping center which houses the restaurant (Defendant Gemini Capital).

13. As the owner and operator of a Fuddruckers franchise restaurant, Defendant Vitafood is well aware of the ADA and the need to provide for equal access in all areas of its restaurant. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Fuddruckers restaurant on SW 88 Street is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As the owner of a community shopping center, part of which is built out and utilized as a Fuddruckers brand restaurant open to the general public, Defendant Gemini Capital are also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

15. As an owner of a community shopping center which is a place of public accommodation, Defendant Gemini Capital is aware of the ADA and the need to provide for equal access in all areas of its community shopping center which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its community shopping center is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize and/or test the Fuddruckers restaurant on SW 88 Street, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that restaurant, all which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the Fuddruckers restaurant on SW 88 Street with the intention of patronizing that restaurant, to enjoy a meal and/or test the public accommodation for compliance with the ADA/ADAAG; however,

5

Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

23. Defendant Gemini Capital and Defendant Vitafood have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the SW 88 Street community shopping center and the Fuddruckers restaurant located therein in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Fuddruckers restaurant.

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. However, Defendant Gemini Capital and Defendant Vitafood have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. Defendant Gemini Capital's community shopping center which houses Defendant Vitafood' Fuddruckers restaurant is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Vitafood (operator of the restaurant) and Defendant Gemini Capital (owner of the community shopping center) (jointly and severally), Plaintiff had difficulty transiting through restaurant service order line without assistance, as the queue belt poles do not maintain the required clear width requirements creating barriers to access for people using wheelchairs or other mobility devices. This is a violation of ADAAG Section 4.3.3 and Sections 403.5.1 and 403.5.2 of the 2010 of the 2010 ADA Standards for Accessible Design. Section 4.3.3 states that the minimum clear width of an accessible route is 36 inches (915 mm). Section 403.5.1 states that the clear width of walking surfaces is 36 inches, and Section 403.5.2 states that where an accessible route makes a 180 degree turn around an element (which is less than 48 inches wide), the clear width requirement is 42 inches (1065 mm) minimum approaching the turn, 48 inches (1220 mm) minimum at the turn and 42 inches (1065 mm) minimum leaving the turn.

ii. As to Defendant Vitafood (operator of the restaurant) and Defendant Gemini Capital (owner of the community shopping center) (jointly and severally), the exterior seating provided at Fuddruckers does not provide the required knee clearance for a forwards approach, thus does not comply with 2010 ADA Standards for Accessible Design Sections 226 & 902 which requires that all dining areas be accessible in clear floor/ground space, size and height. Specifically, Section 226.1 requires that, where

        dining surfaces are provided for the consumption of food or drink, at least five percent (5%) of the seating spaces and standing spaces at the dining surfaces must comply with Section 902. Section 902.2 requires the provision of accessible knee and toe clearance. This is also a violation of ADAAG Section 4.32 which states that seating spaces for people in wheelchairs must provide clear floor space (Section 4.2.4), and that clear floor space shall not overlap knee space by more than 19 in (485 mm) (see Fig. 45).

iii. As to Defendant Vitafood (operator of the restaurant) and Defendant Gemini Capital (owner of the community shopping center) (jointly and severally), Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. This is violative Section 4.13.11 and 2010 ADA Standards for Accessible Design. Section 4.13.11(2)(b) states that states that the maximum force for pushing or pulling open an interior hinged door is 5 lbs. (22.2N). 2010 ADA Standards for Accessible Design Section 404.2.7 states that operable parts on doors and gates must comply with Section 309.4, and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

iv. As to Defendant Vitafood (operator of the restaurant) and Defendant Gemini Capital (owner of the community shopping center) (jointly and severally), because the urinal is mounted in a 30.5" wide and 41.75" deep alcove, Plaintiff could not use the urinal without assistance, as the urinal is does not have the required clear floor space. This

       is a violation of ADAAG Section 4.2.4.2 states that, if a clear floor space is located in an alcove or otherwise confined on all or part of three sides, additional maneuvering clearances shall be provided as shown in Figs. 4(d) and (e). This is also a violation of 2010 ADA Standards for Accessible Design Section 305.7.1 which states that alcoves must be a minimum of 36 inches (915 mm) wide where the depth exceeds 24 inches (610 mm).

v. As to Defendant Vitafood (operator of the restaurant) and Defendant Gemini Capital (owner of the community shopping center) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink inside the stall which does not have wrapped bottom sink pipes. Non-existent insulation to protect users of that sink against the plumbing pipes under the sink is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not wrapped or maintained.

vi. As to Defendant Vitafood (operator of the restaurant) and Defendant Gemini Capital (owner of the community shopping center) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink outside the stall which does not have wrapped bottom sink pipes. This is another violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design.

vii. As to Defendant Vitafood (operator of the restaurant) and Defendant Gemini Capital (owner of the community shopping center) (jointly and severally), Plaintiff could not use the lavatory without assistance, as the lavatory does not provide knee

clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. The appropriate knee clearance must be at least 27" (685 mm) high, 30" (760 mm) wide, and 19" (485 mm) deep underneath the sink. The lavatory sink is mounted in violation of the requirements in Section 4.19.2 of the ADAAG which states that lavatories shall be mounted with the rim or counter surface no higher than 34 in (865 mm) above the finished floor. This is a violation of Section 606.2 of the 2010 ADA Standards for Accessible Design which requires compliance with Section 306.3 (Fig. 306.3). Section 606.3 also states that lavatories shall be mounted with the rim or counter surface no higher than 34 in above the finished floor.

28. Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendants are required to make the community shopping center and the Fuddruckers restaurant operated therein accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

29. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the community shopping center at SW 88 Street and the Fuddruckers restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Gemini Capital Acquisitions of Delaware, LLC (owner of the community shopping center at SW 88 Street) and Defendant Vitafood Enterprises IV, LLC (operator of the Fuddruckers restaurant located therein) and requests the following injunctive and declaratory relief:

    a)     The Court declare that Defendants have violated the ADA;

  b)  The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

  c)  The Court enter an Order requiring Defendants to alter the community shopping center and the Fuddruckers restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

  d)  The Court award reasonable costs and attorneys fees; and

  e)  The Court award any and all other relief that may be necessary and appropriate.

Dated this 5th day of July, 2022.

               Respectfully submitted,

               */s/ J. Courtney Cunningham*
               J. Courtney Cunningham, Esq.
               J. COURTNEY CUNNINGHAM, PLLC
               FBN: 628166
               8950 SW 74th Court, Suite 2201
               Miami, Florida 33156
               Telephone:  305-351-2014
               Email: cc@cunninghampllc.com
               *Counsel for Plaintiff*